Bridget McMahon, Admx., *vs.* The Rhode Island Company.

MARCH 6, 1911.

Present: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1)    *Evidence.    Objection to Testimony.*

After a question asked by plaintiff had been answered, defendant objected, and objection was sustained.    On exception by plaintiff:—

*Held,* that, in the absence of a motion to strike out, or a caution to the jury to disregard it, it was fair to assume that the jury finding for plaintiff, considered this testimony with the other evidence, and that the trial court also considered it in coming to its conclusion upon all the evidence, and that plaintiff was not prejudiced by the ruling sustaining the exception.

(2)    *Rules Governing Granting of New Trials in Appellate and Trial Courts.*

The rule established in the State before the creation of the Superior Court, that to justify the grant of a new trial, on the ground that the verdict was against the evidence and the weight thereof, it should appear that the evidence *very strongly* preponderated against the verdict, was the rule governing the court of last resort and not the trial court.

A trial court properly granted a motion for a new trial where, in the judg-

ment of the court, the evidence was *fairly preponderant* in showing that plaintiff's intestate was guilty of contributory negligence.

A trial court ought to grant new trials, whenever its judgment shows that the verdict fails to administer substantial justice, or whenever it appears that the jury have, from any cause, failed to respond truly to the real merits of the controversy. *Wilcox* v. *R. I. Co.*, 29 R. I. 292, and *Nolan* v. *R. I. Co.*, 30 R. I. 246, reaffirmed.

TRESPASS ON THE CASE for negligence. Heard on exceptions of plaintiff, and overruled.

PARKHURST, J. This is an action of the case for negligence resulting in the death of the plaintiff's intestate, who was injured in a collision with a train of the defendant's cars, on Dyer street, in the city of Providence, March 10, 1910, opposite the scales and yard of the Eastern Coal Company, from which the plaintiff's intestate was driving out with a large coal wagon drawn by a pair of horses.

The jury returned a verdict for the plaintiff for $5,000.

The defendant filed its motion for a new trial upon the usual grounds, viz.: (1) verdict contrary to evidence; (2) verdict contrary to law; (3) damages excessive; (4) newly discovered evidence. Upon hearing of said motion the justice who presided at the trial granted the defendant's motion for a new trial on the ground that the deceased was guilty of contributory negligence. The trial court, upon the argument and consideration of the defendant's motion for a new trial, had before it a full transcript of all the evidence; and in its rescript makes a searching analysis of the testimony; and while it says, in discussing the manner of the defendant in running its cars, "I am not prepared to say that the defendant was not negligent in so doing;" yet upon a very careful review of all the testimony the court reaches the following conclusion: "Apparently McMahon, while seeing the danger, thought by whipping up he could get by and took the chance of so doing, and thus met the accident. In my judgment the evidence as to the manner of the collision is fairly preponderant in showing that the deceased, in attempting to cross as he did in front of the train, was guilty of contributory negligence. And if the defendant's negligence consisted in operating the train practically with-

out control, there was no opportunity on its part, under the doctrine of the last clear chance, to avoid the collision when McMahon whipped up and drove on.   The motion for a new trial is therefore granted."

The plaintiff thereafter duly filed and prosecuted her bill of exceptions to this court, alleging four exceptions, of which at the argument in this court she only relies upon the first and fourth, which are as follows, viz.:

"1.   To the ruling of the court excluding certain testimony as appears in the transcript of testimony filed herewith at page 11 thereof:"

"4.   To the decision of said court granting the defendant's motion for a new trial," etc.

The first exception was noted to the ruling of the court sustaining an objection to a question which had been answered as shown by the testimony on page 11, as follows:   "Q. 86. As an experienced driver, when Mr. McMahon drove out there on to that track the distance he had to go, and looking down and seeing that train where you saw it just starting up, going slower than he was, was there room enough in space to get across if they didn't increase the speed?   A. Yes, sir.   Objected to by Mr. Whipple; objection sustained.   Exception taken by Mr. Hogan."

We do not see how this exception can avail the plaintiff. The question had already been answered before objection was taken, and the testimony was before the jury.   There was no motion to strike it out nor was the jury cautioned not to consider it in coming to their verdict.   It is fair to assume that, as the jury found for the plaintiff, they did consider this testimony with the other evidence in the case; nor can it be assumed that the trial court in its consideration of all the evidence before it, in the motion for new trial, did not, upon mature deliberation, consider this evidence also as admissible and weigh it with all the other evidence in coming to its conclusion as to the contributory negligence of the plaintiff's intestate.   Upon the record, as it stands, we do not see that the plaintiff was pre-

judiced by this ruling of the court, and this exception is therefore overruled.

(2)    The fourth exception relates to the action of the court in setting aside the verdict and granting the defendant's motion for a new trial solely upon the ground of the contributory negligence of the plaintiff's intestate.   The plaintiff's counsel argues with much emphasis that, as the jury found for the plaintiff, and as the question of the plaintiff's contributory negligence upon all the evidence was a question solely for the jury and was properly left to them, the court below was in error in setting aside the verdict, on the ground that "the evidence as to the manner of the collision is fairly preponderant in showing that the deceased, in attempting to cross as he did in front of the train, was guilty of contributory negligence." Counsel takes the position that the court below in finding only that the evidence is "*fairly preponderant*" states himself outside the rule long established by this court, as well as by all other courts of last resort, that to justify the grant of a new trial on the ground that the verdict is against the evidence and the weight thereof, it should appear that the evidence *very strongly* preponderates against the verdict, and cites, *Boss* v. *Prov. & Worcester R. R. Co.*, 15 R. I. 155, 156; *Johnson* v. *Blanchard*, 5 R. I. 24, 25; *Patton* v. *Hughesdale Co.*, 11 R. I. 188; *Sweet* v. *Wood*, 18 R. I. 387, 389; *Watson* v. *Tripp*, 11 R. I. 98, 103; *Lebeau* v. *Dyerville Mfg. Co.*, 26 R. I. 36; *Hehir* v. *Rhode Island Co.*, 26 R. I. 31.   We have no doubt whatever that the rule, recognized and established in these cases, is the true rule when applied, as it is therein applied, to the powers of a court of last resort, where only the written transcript of the evidence is before the court.   But the plaintiff's counsel fails to distinguish between the proper exercise of the powers of a court of last resort in granting new trials, and the proper function of the trial court in granting new trials when the trial judge has had the advantage of seeing and hearing all the witnesses before the jury.   The cases above cited were all decided before the change in our judicial system and before the creation of the present Superior Court.   At that time motions

or petitions for new trial on the ground that the verdict was against the evidence, came at once to the Supreme Court, or later to the Appellate Division of the Supreme Court, upon the written transcript of the evidence, and not before the trial court, where the judge as well as the jury saw all the witnesses and heard all the evidence.   And so the rule set forth in the cases cited was the rule governing the court of last resort, and not the rule governing the trial court.   When, under the Court and Practice Act, in 1905, the Superior Court came into existence, jurisdiction was given to the judge who tried the case with a jury to grant new trials, on the ground that the verdict was against the weight of the evidence, and thereafter, as occasion arose, this court set forth the difference between the rules respectively governing the Superior Court and this court in the granting of new trials.   This distinction is clearly pointed out in the case of *Wilcox* v. *Rhode Island Co.*, 29 R. I. 292, wherein this court cited with approval the language of the opinion in *Dewey* v. *Chicago, etc., Ry. Co.* 31 Iowa, 373, in which the court pointed out in the clearest language the different rules as to granting new trials, which are applied respectively in courts of last resort, where the case is heard only on the written transcript, and in the trial court, where the judge has had the advantage of seeing and hearing the witnesses; and the language of the opinion in speaking of the duty of the trial court, which we wish to emphasize, is as follows:   "Those courts ought to independently exercise their power to grant new trials, and, with entire freedom from the rule which controls appellate tribunals, they ought to grant new trials whenever their superior and more comprehensive judgment teaches them that the verdict of the jury fails to administer substantial justice to the parties in the case.   Whenever it appears that the jury have from any cause, failed to respond truly to the real merits of the controversy, they have failed to do their duty, and the verdict ought to be set aside and a new trial granted."

And again, in *Noland* v. *Rhode Island Co.*, 30 R. I. 246, this court applied the same rule, in a case where the trial judge

had disapproved the verdict of the jury and granted a new trial, saying: "Moreover, when the verdict of a jury has been disapproved by the judge who presided at the trial, and a motion for new trial has been granted by him on the ground that the verdict fails to administer substantial justice, such exercise of his power will not be disturbed by this court unless it clearly appears that such conclusion of the trial judge is erroneous."

The same principles were also most clearly set forth by Brewer, J. (late of the U. S. Supreme Court), in the case of *Kansas Pac. R. Co.* v. *Kunkel*, 17 Kas. 172, where he goes into a most elaborate discussion of the authorities, regarding the same questions; and in speaking of the powers of the trial court, as distinguished from those of the court of last resort, uses the following language (p. 172): "The functions of the two are widely dissimilar. The one has the same opportunity as the jury for forming a just estimate of the credence to be placed in the various witnesses, and if it appears to him that the jury have found against the weight of the evidence it is his imperative duty to set the verdict aside. We do not mean that he is to substitute his own judgment in all cases for the judgment of the jury, for it is their province to settle questions of fact; and when the evidence is nearly balanced, or is such that different minds would naturally and fairly come to different conclusions thereon, he has no right to disturb the findings of the jury, although his own judgment might incline him the other way. In other words, the finding of the jury is to be upheld by him as against any mere doubts of its correctness. But when *his judgment* tells him that it is wrong, that whether from mistake, or prejudice, or other cause, the jury have erred, and found against the fair preponderance of the evidence, then no duty is more imperative than that of setting aside the verdict, and remanding the question to another jury."

It will be noted, that in this last quotation Judge Brewer uses the words "*fair preponderance*" which are almost the same words and with exactly the same meaning as the words used by the trial judge in this case in speaking of the evidence

showing contributory negligence.   These words are most com-
monly used by judges in instructing juries as to the rules re-
lating to the burden of proof; and, far from being subject to
the criticism of plaintiff's counsel to the general effect that they
express doubt or hesitation on the part of the judge in his es-
timate of the weight of the evidence, we find that they are in-
tended to express, and do express in a conservative way, his
dissatisfaction with the verdict and his conviction that "it
fails to administer substantial justice."   (*Noland* v. *R. I. Co.
supra*).

If the judge, who tried the case below, having thus expressed
his dissatisfaction with the verdict, had nevertheless refused to
grant a new trial, he would have failed to do his duty and would
have committed reversible error, as has been held in several
cases.   Thus, in *Clark* v. *Great Northern Ry. Co.*, (1905) 37
Wash. 537, the court says (p. 540):   "In passing upon the
motion for a new trial, the court below used the following
language: 'I am compelled, though reluctantly, to deny
the motion for a new trial in this case.   My reluctance arises
from the fact that, in my opinion, the weight of the evidence
did not sustain the contention that excessive force was used
in ejecting plaintiff from the train; but that issue was sub-
mitted to the jury, and was decided in favor of the plaintiff,
and as, under our judicial system, the trial judge in a civil
jury case has little more power or authority than a 'mentor
at a town meeting,' I am not at liberty to disturb the jury's
finding on that issue.'

"It appears from the foregoing statement that the trial
court labored under an entire misapprehension as to its powers
and its duties.   Our statute provides that a new trial may be
granted, among other grounds, for insufficiency of the evidence
to justify the verdict; and this power must be exercised by
the trial courts, if at all.   These courts should take due care
not to invade the legitimate province of the jury, but if, after
giving full consideration to the testimony in the light of the
verdict, the trial judge is still satisfied that the verdict is against
the weight of the evidence, and that substantial justice has not

been done between the parties, it is his duty to set the verdict aside."

The court then cites and reviews numerous cases in support of its position, including that of *Dewey* v. *Chicago, etc., R. R. Co.*, 31 Iowa, 373, cited in *Wilcox* v. *R. I. Co.*, 29 R. I. 292, 295, and for the error in denying the motion for a new trial, reverses the judgment and grants a new trial. See also 3 Graham and Waterman on New Trials, p. 1207. *Clark* v. *Great Northern R. Co.*, 2 Amer. & Eng. Ann. cas. 760, and cas. cit. and note.

We have thought it necessary thus to review, at some length, the position heretofore taken by this court in the cases of *Wilcox* v. *Rhode Island Co. supra*, and *Noland* v. *Rhode Island Co. supra*, because of the very strenuous argument of counsel for the plaintiff at the hearing that the trial judge in his rescript in this case had violated the rule laid down in a long line of decisions by this court, and because of the manifest misapprehension of counsel as to the application of the rules relating to the granting of new trials in the Superior Court and in this court, and their differences, as formerly set forth in the *Wilcox* and *Noland* cases, which are hereby reaffirmed.

Upon a careful review of the testimony in this case we do not find that the judge of the Superior Court committed any error in granting the defendant's motion for a new trial, and the plaintiff's fourth exception is therefore overruled.

The case is remitted to the Superior Court for a new trial in accordance with the order of that court heretofore made.

*John W. Hogan*, for plaintiff.

*Joseph C. Sweeney, Clifford Whipple*, for defendant.