ARTHUR E. HUMES *vs.* AUGUST H. SCHALLER.

NOVEMBER 20, 1916.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Negligence.   Due Care.*

A person standing at noonday on a country highway examining the wheel of a
vehicle on which he has been riding with ten feet of the roadway between
him and the edge of the sidewalk and an unobstructed view of the vehicle
for at least 350 feet, is not required to guard against being run down by an
automobile and cannot be said to be negligent as a matter of law.

*(2)   Negligence.   Due Care.   Requests to Charge.*

In a personal injury action, where plaintiff who was standing on a country
highway at noonday examining the wheel of a vehicle on which he had been
riding with ten feet of the roadway between him and the edge of the sidewalk
and an unobstructed view of the vehicle for at least 350 feet, was struck by
the automobile of defendant, upon sharply conflicting evidence, requests to
charge—1, that the doctrine of last clear chance had no application unless it
was found as a fact that defendant's driver actually saw the plaintiff in
time to avoid striking him, and 2, that in determining the centre line of the
road the measurements were to be taken from the extreme side of the road
and the space occupied by the car tracks was not to be excluded from the
measurements,—were refused on the ground that they were not called for
by the evidence and would probably lead to more confusion than they
would be of benefit.

*Held,* no error.

TRESPASS ON THE CASE for negligence.   Heard on excep-
tions of defendant and overruled.

BAKER, J.   The plaintiff in this case on August 14, 1915,
was severely injured by an automobile driven by a servant
of the defendant at a point on the main road in Warwick,
just south of Apponaug.   A verdict has been returned in his
favor and the trial judge has denied defendant's motion for
a new trial.   To such ruling the defendant duly excepted,
as he also did to the refusal of the court to grant two requests
for instructions.   The case is before this court on these three
exceptions.

Two grounds of error are urged in support of the exception to the denial of the motion for a new trial, namely: first, that upon the plaintiff's own testimony as a matter of law he was not in the exercise of due care; second, that the trial judge would not consider "the question whether the jury had responded to the real merits of the controversy, and whether the verdict failed to do justice between the parties."

These facts are shown by the plaintiff's evidence. The plaintiff, as a sergeant of the First Light Infantry in charge of a detail of three men, was riding on an automobile truck which was conveying camp equipage and stores from Providence to the camp at Quonset. Between one and two o'clock in the afternoon, at a point on the highway south of Apponaug, opposite Brayton Cemetery, the tire on the truck's left rear wheel burst and the truck was brought to a stop alongside of and two or three feet to the east of the trolley track. This track is on the west side of the highway and its easterly rail is ten feet from the electric car poles on the west side of the highway, and twelve feet from the fence on that side. From the easterly rail to the curb or edge of the sidewalk on the east side the distance is twenty-one feet. Poles of the Narragansett Electric Light Company are placed in this sidewalk at its edge, the sidewalk being six feet wide. The macadam portion of the street lies between the edge of the sidewalk on the east and the easterly rail of the car track. The extreme over-all width of the truck was five feet and eight inches. By the testimony there was a space of about thirteen feet between the curb or edge of the sidewalk and the east side of the truck after it was stopped. After the truck stopped there was at first some conversation as to what was to be done, as they had with them no spare tire. Three of the men—Freese, Clarke and the plaintiff—alighted and went to the rear to look over the injured tire. Freese took a position close to the left rear wheel facing it; Clarke stood near him a little to the north and east, and the plaintiff was a little more to the north and east facing southeasterly, bending over slightly and looking over his

right shoulder at the wheel. The attitude of Clarke was similar. All three say that they were thus engaged for a minute and a half. The plaintiff who was farthest from it was about three feet east of the truck, thus leaving ten feet of the roadway between him and the edge of the sidewalk. At the point of the accident the highway was nearly straight and from the truck southward there was an unobstructed view for at least 350 feet. The chauffeur of defendant's automobile testified that he saw the truck standing there when even at a greater distance. The plaintiff says he looked up and down the highway, when he took his position at the rear of the truck, but did not look up afterwards, and admits that if he had looked up he would have seen the approaching automobile, but says he did not pay attention to what might be coming because he thought he was in a safe place. The defendant's automobile was an Oldsmobile of the Autocrat 1911 type. Its width is not stated but, from what is common knowledge, we think it may be inferred that its extreme width did not exceed six feet.

Upon this testimony the defendant argues that as a matter of law the plaintiff was not in the exercise of proper care for his own safety at the time of the accident. In support of this claim he cites seven or eight street railway cases in which the duty of persons working upon or in close proximity to street railway tracks to exercise care by looking or listening for approaching cars is upheld. We think that these and similar cases are clearly distinguishable from the case at bar. Practically every one knows that a street car normally used can only proceed upon its track. The track is, therefore, an obvious place of danger and the law imposes upon every one on or in close proximity to it the duty of exercising care to avoid the danger arising from passing cars. But it is clear that the law does not require one lawfully standing at noonday on a country highway and directing his attention to a burst or punctured tire on a wheel of the vehicle on which he has been riding to anticipate and to guard against being run over by an automobile having

ample room to pass him in safety. In other words, the law does not require an ordinarily prudent person to expect such carelessness. On the contrary, he has a right to expect and to rely on the expectation that the driver of the automobile will avail himself of the opportunity to pass by in safety. We hold, therefore, that it does not appear that upon this evidence the plaintiff was negligent as a matter of law.

(1)     The defendant bases his second claim of error in the denial of the motion for a new trial on this portion of the rescript of the trial judge, namely: "Defendant says that the preponderance of the evidence is that plaintiff stepped suddenly in the way from behind the stalled truck; suppose I do believe that this is more probable than that defendant's driver ran down a man in plain sight, it is a question of fact which has been passed upon by the tribunal appointed to try questions of fact. Motion for new trial denied."

The defendant urges that by this language the trial judge refused to consider whether the jury had responded to the real merits of the controversy, and of whether the verdict failed to do justice between the parties, because apparently of the opinion that he had no power to do so. This court in *Wilcox* v. *R. I. Co.*, 29 R. I. 292; *Noland* v. *R. I. Co.*, 30 R. I. 246; *McMahon* v. *R. I. Co.*, 32 R. I. 237, has considered and discussed the powers and duties of trial judges in passing upon motions for new trials. From them two rules emerge, namely; "when the evidence is nearly balanced, or is such that different minds would naturally and fairly come to different conclusions thereon, he has no right to disturb the findings of the jury, although his own judgment might incline him the other way;" but when his judgment tells him that the verdict is wrong, because it fails to respond truly to the real merits of the controversy and to administer substantial justice, and is against the fair preponderance of the evidence, then his duty is to set aside the verdict. These rules have been referred to and affirmed in numerous cases since those above cited. We think it should not be inferred that the trial judge was not informed as to these decisions,

but that being aware of them he has intended to imply that in his judgment the evidence in this case places it in the first class where the verdict of the jury is to be accepted as conclusive as to the facts. We say this while recognizing the fact that the language of the rescript is not as discriminating and clear on this point as it might be.

There were two witnesses for the defendant, the chauffeur and the defendant's wife, who was one of the other two occupants of the car. The absence of the third occupant was explained by illness. The chauffeur said that he saw two men standing by the truck, Smith, its driver, and Clarke, but not the plaintiff; that he passed at a distance of four feet from the truck; that when his car was about eight feet from these two men they ran to the rear of the truck, and he was not aware that the automobile had come in contact with the plaintiff until informed of the fact by Mrs. Schaller, after the automobile had passed the truck. Mrs. Schaller says that the automobile was going not over twelve miles an hour at the time and that it passed the truck with a clearance of about three feet; that as they passed the rear of the truck she saw a man run right into the mudguard and fall; that she didn't see him until he struck the fender. They both say that the horn of the automobile was repeatedly sounded as it approached the truck. Smith, the driver of the truck, testifies that when the automobile passed he had not alighted from the truck, but at that time stood on its left hand running board near the front end of the truck. The others of his party corroborate him in this. The three men standing near the left rear wheel of the truck all say that on the approach of the automobile they did not leave their places and go to the rear of the truck; that they were unaware of its approach until it whizzed by. Clarke says it touched his clothing. The plaintiff could not tell how he was struck or what hit him. No one of the other three saw the actual collision, but heard the noise of the impact and saw the plaintiff while falling and as he struck the ground. Smith and Clarke testified that the tracks of defendant's car

showed that it moved a little to its left as it passed the truck and the latter said that the westerly track of the automobile as it passed the rear part of the truck was about four feet away.

We have stated the essential portions of the testimony thus fully because of the peculiar question now raised. (2) The testimony was plainly and sharply conflicting. Upon carefully considering it, we are clearly of the opinion that the trial judge did not err in denying the motion for a new trial on the ground that the verdict was against the evidence. The exception to the denial of such motion is overruled.

The two requests refused to which the other two exceptions are directed are, "1. In this case the doctrine of last clear chance has no application, unless it be found as a fact that the defendant's driver actually saw the plaintiff in time to avoid striking him." "3. In determining the center line of the road in this case the measurements are to be taken from the extreme side of the road, and the space occupied by the car tracks is not to be excluded from the measurements."

In refusing to charge them, the trial judge said: "I do not think they are called for by the evidence in the case and will probably lead to more confusion than they would be of benefit." We think there was no error in such refusal and these two exceptions are overruled.

All the exceptions are overruled and the case is remitted to the Superior Court in the county of Kent for the entry of judgment on the verdict.

*William R. Champlin,* for plaintiff.
*Boss & Barnefield,* for defendant.