LOUIS MASSEMINI *vs.* CARL G. PETERSON.

NOVEMBER 22, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. At the trial of this action of assumpsit a jury in the superior court returned a verdict for the defendant. Thereafter the trial justice granted the plaintiff's motion for a new trial, and the defendant then duly prosecuted to this court his bill of exceptions containing the single exception to the granting of the above motion.

The plaintiff is seeking to recover damages from the defendant for the alleged breach by the latter of a written contract of employment entered into by them. The evidence shows that the defendant is the owner and operator of a machine shop in East Providence, in this state; that he conducts his business under the name of the Carl G. Peterson Co.; and that he has about eleven employees. The plaintiff, who at the time of the trial was twenty-four years of age, had worked for the defendant for several years, eventually becoming a machinist and toolmaker. When a question arose in respect to the drafting of the plaintiff for military duty during the war, he was described by the defendant as a foreman in charge of production.

On November 6, 1944, when the contract in question was entered into by the parties, certain work upon which the defendant had been engaged for a considerable time for the United States government was approaching completion; and he was apparently intending to further develop his jewelry manufacturing business. The contract in substance provided, among other things, that for the benefit of both parties the plaintiff promised not to seek other employment for a period of two years from the date thereof, and the defendant promised that during such time he would not discharge the plaintiff. On March 13, 1945, however, after some words between them, brought about apparently because the plaintiff had remonstrated when he had not been allowed to answer a telephone call, the plaintiff left the defendant's shop and did not return. Before this happening the parties had always been on friendly terms.

It is the plaintiff's contention that on the above occasion he was told by the defendant to pack up his tools and get out, and that he was then and there discharged. The defendant, on the other hand, denied that he discharged the plaintiff. The defendant testified that he said to the plaintiff: "If you want to, you can pick up your tools and take them out. You can forget the contract", and that the plaintiff then left of his own accord after he, the defendant, had tried to prevent his so doing.

For the purposes of this opinion it seems unnecessary to discuss in greater detail the facts as disclosed by the evidence and such inferences as may be drawn therefrom. It is sufficient to point out that the parties agreed that the controlling issue in the case was whether the plaintiff was discharged by the defendant or whether he left the latter's employment voluntarily. On this narrow question the evidence was sharply conflicting. The trial justice left the matter to the jury in the following instruction: "The only issue is, was the plaintiff discharged or fired, as he testified he was, or did he quit of his own accord."

In support of his exception the defendant argues strongly that in granting a new trial to the plaintiff the trial justice, contrary to settled law, was merely substituting his view of the evidence for that of the jury. The defendant urges that his position on this point is supported by the apparent reliance of the trial justice, in his decision, on his belief that the defendant was anxious to get rid of the plaintiff because the latter was not needed any more, since the government work in the shop was about completed. This belief, the defendant contends, was based on unwarranted and unreasonable inferences from the evidence. He also argues, in this connection, that the trial justice overlooked certain evidence and was apparently unduly influenced by a remark made by the defendant in his testimony that he was "hypnotized" by the plaintiff.

It is well established that, on a motion for a new trial, the trial justice must determine in his independent judgment

whether or not the jury's verdict is supported by a fair preponderance of the evidence and does substantial justice between the parties. In the exercise of such independent judgment, however, he should not merely substitute his own judgment for that of the jury when the evidence is nearly balanced or is such that different minds would naturally and fairly come to different conclusions thereon. See *McMahon* v. *Rhode Island Company*, 32 R. I. 237.

We have examined the evidence in the case and the decision of the trial justice on this motion. In deciding the motion he referred to the evidence at some length and stated that he was required to pass upon its weight and also the credibility of the witnesses. In weighing the evidence, however, he was not justified in our judgment in drawing therefrom, and relying upon, an inference to the effect that the defendant was seeking an excuse or opportunity to discharge the plaintiff, because he was no longer needed since the work for the government was almost completed. We find no such evidence. Such an inference was clearly unreasonable, particularly in view of the uncontradicted testimony that after the plaintiff had left the defendant's shop the latter sought over the telephone to persuade the plaintiff to return to work. Further, the trial justice in his decision does not inform us clearly of his opinion on the important issue of the credibility of the witnesses. There is no definite statement by him on this point as to why defendant's testimony was not credible, and no reasons are suggested why the testimony of one witness should be accepted and that of another disregarded.

An examination of the evidence shows that the issue in this case was simple and that its determination depended almost entirely upon the testimony of the respective parties. This issue under specific instruction was undoubtedly for the decision of the jury in the first instance, and they decided it in the defendant's favor. Upon consideration it is our opinion that on the principal question in the case the evidence was nearly balanced, and that different minds might naturally and fairly come to different conclusions thereon.

Under such circumstances the trial justice should have permitted the jury's verdict to stand, unless he could point out wherein the defendant's testimony was believed to·be incredible. We find, however, that in granting plaintiff's motion he gave no sound reason based on the evidence; that he misconceived or overlooked certain uncontradicted evidence material to the principal issue; and that in effect he merely substituted his own impression for the judgment of the jury, where the evidence was nearly balanced and was open to different reasonable conclusions. See *Anderson* v. *Johnson,* 59 R. I. 241.

The defendant's exception is sustained, and the case is remitted to the superior court for the entry of judgment for the defendant on the verdict.

*Kirshenbaum & Kirshenbaum,* for plaintiff.

*James L. Taft,* for defendant.