JOSEPH O. CHARPENTIER *et al. vs.* WILFRED C. POTVIN *et al.*

MARCH 10, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is an action of assumpsit for breach of an alleged agreement to purchase certain real estate. A jury in the superior court returned a verdict for the defendants and the trial justice thereafter granted the plaintiffs' motion for a new trial. The case is here solely on the defendants' exception to such ruling.

The controversy between the parties arose out of the following facts. The plaintiffs owned a dwelling house at 179 Grand avenue in the city of Pawtucket which they listed with Philip Carufel, a real estate broker, for sale at $13,000. On July 30, 1954 defendants made an offer in writing at the broker's office to buy the house for $12,500 and made a deposit of $100 which was to be applied as part payment on the purchase price. The broker submitted this offer to plaintiffs and they accepted it by also signing the writing and later receiving the $100. This written offer was introduced in evidence as an exhibit and reads as follows:

"Date July 30, 1954
"I herewith offer to purchase property at 179 Grand Ave Pawt. for Twelve Thousand Five Hundred Dollars ($12,500.) subject to approval of owner. Terms: $100. initial payment herewith tendered to Philip Carufel, balance as follows: $12,400. on day of transaction.
"On or before August 30, 1954

"Purchaser                          Owner
  [signed]                          [signed]
  Wilfrid C. Potvin                 Joseph O. Charpentier

"Purchaser     Owner
 [signed]      [signed]
 Bernadette Potvin   Marie-Ida Charpentier

"It is understood that taxes, rents and water bills will be pro-rated.

"Copy of agreement herewith acknowledged.

"Binder to be returned only if offer is not accepted, or if title is defective.

"Witness
 [signed]
 Philip Carufel

          Commission 5% on selling price."

On August 17, 1954 defendants sent the following notice to plaintiffs by registered mail addressed to Philip Carufel: "Due to circumstances beyond my control I cannot buy the property at 179 Grand Ave, Pawtucket." This notice bears the signatures of both defendants. After receiving it plaintiffs nevertheless insisted that defendants' written offer to purchase had been accepted and that there was thereafter a contract binding upon them to buy and upon plaintiffs to sell. They testified that on May 4, 1955 they finally sold the property to another purchaser for $11,600, apparently after they were convinced that defendants were determined to treat their offer as having been withdrawn by the notice of August 17.

Considerable testimony was given by plaintiffs concerning defendants' inspection of the premises and also plaintiffs' understanding of their obligation to sell to defendants after they, plaintiffs, had signed the written offer. The defendant Wilfred C. Potvin also testified as to what he understood was intended by the written offer. Mrs. Potvin was ill at the time of the trial and did not testify. It would appear from the record that much of such testimony was allowed because the written offer was considered to be ambiguous. In any event the case was given to the jury with proper instructions as to what constituted a contract.

On all the evidence there was a simple question for the

jury to determine. Did defendants' written offer become a binding contract after plaintiffs had signed it and accepted the $100 as part payment on the purchase price? In other words, did plaintiffs' conduct constitute an acceptance of defendants' offer, and was such offer a true offer to purchase the real estate or merely an offer for a thirty-day option to purchase?

It is clear from the trial justice's decision that he exercised his independent judgment in passing upon the motion for a new trial and was convinced that the verdict was clearly contrary to the weight of the evidence on this issue. Indeed he was emphatic in this respect, stating expressly that in his opinion the evidence proved a contract and not a mere option and that the jury's verdict was contrary not only to the weight but to the *great* weight of the evidence.

Where the trial justice fairly reviews the evidence, neither overlooking nor misconceiving any of importance, and in the exercise of his more experienced and independent judgment comes to the conclusion that the verdict of the jury is contrary to the weight of the evidence, we have repeatedly held that we will not disturb his decision unless it is clearly wrong. *Hulton* v. *Phaneuf*, 85 R. I. 406, 132 A.2d 85; *Cavallaro* v. *Sharp*, 84 R. I. 67. The defendants contend that he emphasized the documentary evidence and overlooked the testimony of defendant Wilfred C. Potvin which they claim cast doubt on the written offer as a contract. They also contend that on all the evidence the case was in such posture that reasonable men could come to different conclusions and therefore the trial justice erred in setting aside the verdict and granting a new trial.

We have examined the evidence and have been unable to find therein any reasonable basis for either contention. On the contrary, from our perusal of the transcript we are satisfied that the trial justice performed his duty in passing on the motion for a new trial in accordance with our

well-established rule and we cannot say that his decision was clearly wrong.

The defendants' exception is overruled, and the case is remitted to the superior court for a new trial.

*Z. J. Czubak,* for plaintiffs.

*William R. Goldberg, Ronald R. Gagnon,* for defendants.

