JULIETTE TETREAULT *vs.* COCA COLA BOTTLING COMPANY OF RHODE ISLAND.
ALVA TETREAULT *vs.* COCA COLA BOTTLING COMPANY OF RHODE ISLAND.

MAY 14, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J.   These are actions of trespass on the case for negligence.   Juliette Tetreault sues to recover for injuries allegedly suffered by her while her husband Alva Tetreault seeks to recover for consequential damages.   The cases were tried to a court and jury and resulted in a verdict for the

defendant in each case. Thereafter the trial justice granted the plaintiffs' motions for a new trial and in each case the defendant has duly prosecuted its exception thereto to this court.

In midafternoon on June 25, 1957 Juliette Tetreault purchased a bottle of Coca-Cola from a coin-operated dispenser in the shop where she was employed. She opened the bottle, walked to the ladies' room nearby where she drank about half of its contents, and then as she placed the bottle on a shelf she noticed there was something in it. She then returned to her work but shortly thereafter felt sick and told two of her fellow workers that she had had a bottle of Coca-Cola which did not taste right.

A fellow worker who went to the ladies' room found on the shelf a Coca-Cola bottle which was about half empty and in which was an object which she described as a mouse. Sometimes later the bottle was taken to the office and still later by a fellow worker to her home. Late in the afternoon of the same day the plaintiff husband obtained it and thereafter delivered it to his attorney. Juliette Tetreault, shortly after this occurrence, left her work and saw Dr. Elphege Beaudreault who prescribed a sedative for her nerves. She was out of work two and one-half weeks.

The cases appear to have gone to trial on counts one and two of the amended declarations. Of these the first count alleges that defendant was negligent in that it allowed a bottle of Coca-Cola to contain the body of a decomposed mouse, while the second count alleges that defendant negligently failed to remove a bottle which contained the body of a decomposed mouse.

At the conclusion of arguments on plaintiffs' motions for a new trial, the trial justice, after reviewing the testimony to some extent, stated: "The Court feels that that bottle was within the exclusive control of the defendant up until the moment that she opened it, and that there was no time, not sufficient time or sufficient circumstances to have

elapsed to permit the mouse or any foreign substance to have gotten into the bottle after the cap was removed."

Under the defendant's single exception in each case the question is, was the granting of a new trial proper upon the evidence before the court?

The only witness to testify for the defendant company, a Rhode Island corporation, was the assistant to its president and general manager. It appeared that on June 25, 1957 he was district representative in the area. His testimony was a description in interesting detail of how the bottles were washed and filled at the present time and he stated that the same system was in use on June 25, 1957.

There was no testimony offered or given by any agent or servant of the defendant company who had any part in the work of cleaning, filling or supervising the filling of the bottle in question.

It appears from the record that after the plaintiff wife had consumed a portion of the Coca-Cola in the bottle she placed the bottle on a shelf in the ladies' room and that it remained there for about ten minutes before one of her fellow workers saw it and identified the object in it as a mouse. While we do not know on what the verdict was specifically based, it seems hardly reasonable that the jury considered that the mouse entered the bottle while it was on the shelf. The time was short and the evidence indicates that there was not sufficient liquid in the bottle at the time to drown a mouse.

If the mouse did not enter the bottle in the ten-minute period just mentioned then it would seem that it must have been in the bottle before it was filled. While this may seem impossible because of the elaborate precautions taken by defendant, as a matter of fact there was no evidence before the jury as to what actually occurred in the bottling plant in June 1957 except that the usual routine was followed. No one who participated in the filling of the bottle pur-

chased on the day of the alleged accident appeared to testify.

The trial justice who heard the evidence has said in effect that the verdict was against the weight of the evidence and we cannot say that he was clearly wrong. *Wilcox* v. *Rhode Island Co.*, 29 R. I. 292; *McMahon* v. *Rhode Island Co.*, 32 R. I. 237.

The defendant's exception in each case is overruled, and each case is remitted to the superior court for a new trial.

*Decof, Abatuno & Brill, Vincent J. Chisholm,* for plaintiffs.

*Higgins & Slattery, Eugene V. Higgins,* for defendant.