JAMES FRANKLIN WOODWARD *vs.* UNITED TRANSIT COMPANY.
EDITH C. WOODWARD *vs.* UNITED TRANSIT COMPANY.

JUNE 4, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. These are actions of trespass on the case for negligence which were tried together to a jury in the

superior court. After a verdict for each plaintiff the defendant filed motions for a new trial. Each case is here on the defendant's exception to the trial justice's denial thereof. Since this is the only exception briefed and argued the others in its bills of exceptions are deemed to be waived.

The plaintiffs are husband and wife and their causes of action arose out of personal injuries sustained by the wife on December 18, 1958 while she was a passenger on defendant's bus. Since the husband's action is for consequential damages resulting therefrom and is therefore dependent upon the wife's action we shall hereinafter confine our discussion to her case as though it were the only one here but our decision will apply to both.

The plaintiff boarded the bus in Providence to return to her home in the village of Conimicut in the city of Warwick. She took a seat and remained in it until the bus approached the corner of West Shore Road and Beach avenue in Conimicut. At that point the bus made a right-hand turn from West Shore Road into Beach avenue and plaintiff rose from her seat intending to leave the bus at the next stop on the avenue after it had turned the corner. After she got up she apparently lost her balance and struck her head against the seat. As a result she was dazed and suffered serious injury. She claims that her fall was caused by the negligent operation of the bus.

In support of her claim she presented testimony by another passenger on the bus in addition to her own. To refute her claim defendant presented the testimony of five other passengers besides the operator of the bus and also defendant's investigator. He had interviewed plaintiff at her home four days after the accident and had obtained from her a signed statement which was admitted in evidence as an exhibit.

The plaintiff testified that she got up as the bus was getting to the corner. She could not say how fast it was going

at that time but she did say it was going very fast around the corner. She testified further that on rising from her seat she held on to the back of it with one hand but that the bus went so very fast around the corner and stopped so suddenly that she was thrown and knocked down. She had two or three bundles and a pocketbook in one hand. She could not remember holding a bag, nor could she estimate the speed of the bus in miles per hour or how close it was to the corner when she got up.

Her supporting witness, Mrs. Gertrude G. Noble, testified that she was standing some distance back of plaintiff and saw her go down just as the bus swerved. She said she too had to hang on or she would have fallen. She further testified that the speed of the bus was excessive "Before and during making the corner." By excessive she meant that it was going much too fast and that it did not slow down to make the corner.

The defendant's witnesses who were passengers all testified that the speed of the bus was normal. One, Mrs. Evelyn G. Hill, testified that at the time of the accident it was barely moving and that it stopped to enter Beach avenue, not a dead stop, but it slowed down very much. Another witness, Raymond Monahan, testified that he saw plaintiff get up and noticed her lose her balance and fall back into the seat just as the bus made the turn and was about 6 feet from the curb on Beach avenue. At that time the bus had slowed down to 10 miles per hour. All of these witnesses were disinterested and do not appear from the record to have been impeached in any manner. The plaintiff's witness was also technically disinterested although it appeared that she was a near neighbor and at least an acquaintance if not a personal friend of plaintiff.

On the question of the speed of the bus and the manner in which it was operated as it approached and turned the corner the bus operator testified that he was going about

15 to 20 miles per hour but as he got close to Beach avenue he slowed down to 4 or 5 miles as he made the curve. At that time he heard the thump of plaintiff's fall. His positive testimony that the bus was not going fast as it turned the corner does not appear from the record to have been weakened in any way by cross-examination.

Mr. Wallace Gregory, defendant's investigator, testified as to the statement he took from plaintiff. He said he asked her questions concerning the accident which she answered and that he then wrote the answers down in a narrative statement which she read, approved and signed after reading it. The statement which is defendant's exhibit A does not mention the excessive speed of the bus at any time but states, "Suddenly I felt the bus go sideways as though it had skidded on a patch of ice." The plaintiff sought to cast doubt on the statement as a whole claiming it was obtained while she was in great pain and taking medication for her injuries, but the witness insisted that plaintiff was alert at all times during her interview, that she felt good, that there was no excruciating pain, and that she felt "up to talking to me."

We have related above more of the substance of the testimony on the issue of liability than is our usual custom in a case of this kind, principally because after careful consideration of the transcript we find ourselves at variance with the trial justice on the weight of the evidence. Ordinarily where the trial justice has exercised his independent judgment thereof in granting or denying a motion for a new trial, we will not disturb his decision unless it is clearly wrong. In the cases at bar we are convinced that his evaluation of the evidence is not borne out by the record.

In the first place plaintiff's evidence both in its content and the number of witnesses who supply it is lacking in weight when compared with defendant's evidence. The plaintiff had the burden of proving her case by a fair pre-

ponderance of the evidence on the issues of defendant's negligence and her own freedom from contributory negligence. The defendant was under no duty to prove the contrary and yet if we fairly compare the content of its evidence, and the number of witnesses which supply it, with plaintiff's evidence it seems to us that the preponderance is with defendant and therefore strongly militates against the verdict. We think this is so even if we discount as interested the testimony of defendant's operator and investigator.

In his charge to the jury the trial justice distinctly and quite correctly instructed them that: "The defendant is under no obligation to disprove that which the plaintiffs in these two cases assert or claim; rather the plaintiffs must prove that which they assert or claim." And yet in considering the motions for a new trial, although he reviews and analyzes the evidence at length he finally concludes that the jury's verdict in each case should stand because the evidence does not preponderate against it. He thus appears to have followed the rule of the appellate court rather than that governing the trial court as expounded in *Wilcox* v. *Rhode Island Co.*, 29 R. I. 292, and *McMahon* v. *Rhode Island Co.*, 32 R. I. 237.

When a defendant is seeking in the trial court a new trial he need only show that the plaintiff's evidence does not preponderate in the plaintiff's favor and therefore is against the verdict. Whether the trial justice was cognizant of this distinction when passing on the instant motions we cannot be certain in view of the above-mentioned statement in his decision. In any event our own estimate of all the evidence is that it clearly does not preponderate in favor of the verdicts but rather is strongly to the contrary. Therefore the trial justice erred in denying the defendant's motions for a new trial.

The defendant's exception in each case is sustained, and each case is remitted to the superior court for a new trial.

*Charles H. Drummey,* for plaintiffs.

*Frank J. McGee,* for defendant.