Anthony Kasegian *vs.* James A. Mottram.
Isabel Kasegian *vs.* James A. Mottram.

NOVEMBER 14, 1962.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Condon, C. J. These actions of trespass on the case for negligence were tried together to a jury in the superior court and resulted in verdicts for the plaintiffs who are husband and wife. Each case is here on the plaintiff's exception to the trial justice's decision granting the defendant's motion for a new trial.

The cause of each action arose out of an automobile accident in which the wife sustained personal injuries. The husband's action is for consequential damages on account of such injuries. The accident occurred on Massasoit ave-

nue in the city of East Providence on March 16, 1960 at about 10:30 p.m. The plaintiff wife's car collided with another car operated by Robert W. Clark. Both claimed that the collision was caused by the negligent operation of a third car which was proceeding ahead of the Clark car in the same direction but which did not come in contact with it or with plaintiff's car. Clark testified as to the negligent manner in which this car was operated and also that it bore the Rhode Island registration plate JM812. The driver of the third car was not identified but it appeared that a car belonging to defendant was registered under that number.

The defendant denied that his car was involved in the accident. He testified that he was at home in Pawtucket and that his car was in his garage or driveway at the time of the accident. His wife testified to the same effect. This evidence as to defendant's presence at home was corroborated by a disinterested witness, Mrs. Helen I. Mooney. All of the witnesses were positive in their testimony on this point and on direct and cross-examination they gave reasons why they were so positive. There is no need to discuss such testimony here. It is sufficient to say that the trial justice discussed and analyzed it at length in his decision. He indicated that he was impressed by it whereas he felt that Clark could very well have been mistaken in his identification of the number plate on the third car.

In his decision he stated "that the evidence preponderates strongly against the verdict, and that the overwhelming preponderance of the evidence in this case is to the effect that Mr. James Mottram was not at the scene of this automobile accident on March 16, 1960, between 10:30 and 10:45 PM or thereabouts; that his vehicle was not at the scene of this accident at the time and place in question." He further expressly declared that in his opinion defendant's evidence was "immeasurably superior" to that of plaintiffs on this vital matter of identification. Having

thus weighed the evidence and passed on its credibility, he concluded that the verdicts did not do substantial justice.

In these circumstances the sole issue for us to determine is whether his decision was clearly wrong. There is no question that he has exercised his independent judgment in accordance with the rule first enunciated in *Wilcox* v. *Rhode Island Co.*, 29 R. I. 292, and reaffirmed by this court many times since. We cannot agree with the contention of plaintiffs that he has merely substituted his judgment for that of the jury which was equally reasonable. If he had done no more than that he would not have performed his duty and his decision would be set aside. *Massemini* v. *Peterson*, 72 R. I. 213. When the evidence is such " 'that different minds would naturally and fairly come to different conclusions thereon, he has no right to disturb the findings of the jury, although his own judgment might incline him the other way' ". *Humes* v. *Schaller*, 39 R. I. 519, 522; *McMahon* v. *Rhode Island Co.*, 32 R. I. 237.

Such was not the situation confronting the trial justice in the cases at bar. On the contrary, far from considering the verdicts fair and reasonable, he makes it quite clear in his decision that he was firmly convinced the evidence was gravely lacking in any support therefor to such an extent that the verdicts did not do justice between the parties. His decision in this respect was unequivocal and most emphatic. In our opinion it left no room for a contention such as plaintiffs advance here.

In the circumstances we cannot say that his decision is clearly wrong. From our examination of the transcript there appears to be a reasonable justification for his evaluation of the credible evidence in the exercise of his independent and more experienced judgment.

In each case the plaintiff's exception is overruled, and each case is remitted to the superior court for a new trial.

*John Quattrocchi, Jr.,* for plaintiffs.

*Boss, Conlan, Keenan, Bulman & Rice, James M. Shannahan,* for defendant.