232 A.2d 356.

IRENE JONES *vs.* PETER PINA.
IRENE JONES *vs.* KATHERINE PINA.

JULY 25, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

---

POWERS, J. These are two actions of trespass on the case for negligence which were consolidated for trial before a superior court justice sitting with a jury and resulted in verdicts of $15,000 for the plaintiff in each case. They are before this court on the plaintiff's bills of exceptions to the granting by the superior court justice of each defendant's motion for a new trial.

On May 8, 1962, plaintiff sustained severe personal injuries when the motor vehicle in which she was a passenger was struck by a motor vehicle operated by defendant Katherine Pina, owned by her husband, Peter Pina, and hereinafter referred to as defendant's car.

The evidence establishes that the car in which plaintiff was a passenger was properly traveling in an eastbound lane and that defendant's car, proceeding in a westerly direction, crossed the three lanes provided for westbound traffic, mounted a five or six inch cement curb, crossed a four-foot grass median strip and collided almost head-on with the car in which plaintiff was a passenger.

Just prior to the aforedescribed collision, defendant's car was proceeding westerly at about 35 miles an hour in the

extreme right-hand lane of the expressway when it was brushed on the rear left fender by the right front fender of a car being operated by Joseph Panaccione at the same rate of speed, but which was traveling in the center lane. It will hereinafter be referred to as the Panaccione car. The evidence also establishes that this brush occurred while the Panaccione car was in a slow spin to its right resulting from having been struck from behind by a car operated by one Anthony Onello. It will hereinafter be referred to as the Onello car.

The plaintiff's case was predicated on the proposition that Mrs. Pina did not lose control of her car by reason of the brush with the Panaccione car, but rather that she either made an error of judgment by turning to the left or that she negligently lost control of her car after the emergency had passed. The evidence on which she heavily relies is a diagram prepared at the scene of the accident by Walter Muzzy, an East Providence police officer. It indicates brake marks made by the tires on defendant's car, purportedly covering a distance of 262′ from the point of the brush with the Panaccione car to the point of collision with the car in which plaintiff was riding. It is plaintiff's contention that these marks, as shown on the diagram, indicate that defendant's car went forward and to the right for approximately one third of this distance before slanting sharply to the left, crossing the center and left lane provided for westbound traffic, mounting the curb and crossing the median strip into the center lane of eastbound traffic.

The defendants, on the other hand, refuted the negligence charge on the grounds that the impact occasioned by the Panaccione car was of such force as to immediately cost Mrs. Pina control of her car, which circumstance was the proximate cause of the accident for which plaintiff sued.

In any event, the jury accepted plaintiff's version that Mrs. Pina had a timely opportunity to bring her car under control after it had been brushed by the Panaccione car,

was negligent in failing to do so, and returned a $15,000 verdict for plaintiff against each defendant.

They filed motions for new trials on several grounds, particularly: that the verdicts were contrary to the evidence and the weight thereof; that they failed to respond to the merits of the controversy; and that they did not do substantial justice between the parties. On the grounds thus stated, the trial justice granted defendants' motions, and plaintiff duly prosecuted a bill of exceptions to the decision in each case. No principle is more firmly established in this jurisdiction than is that of the duty of a trial justice in passing on a motion for a new trial. He must consider all of the material evidence in the light of his charge to the jury and pass upon the weight thereof and the credibility of the witnesses.*Wilcox* v. *Rhode Island Co.*, 29 R. I. 292, 70 Atl. 913; *Noland* v. *Rhode Island Co.*, 30 R. I. 246, 74 Atl. 914; *Mc-Mahon* v. *Rhode Island Co.*, 32 R. I. 237, 78 Atl. 1012; *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836.

In so doing, he must, in the exercise of his independent judgment, determine whether the verdict should be permitted to stand on the grounds that the material evidence and reasonable inferences to be drawn therefrom are so nearly balanced that ordinary minds might reach different conclusions, or else set it aside because his more experienced judgment tells him that the verdict is against the fair preponderance of the evidence or fails to respond to the true merits of the controversy. *Humes* v. *Schaller,* 39 R. I. 519, 99 Atl. 55.

It is equally well settled that when the trial justice performs his duty in accordance with such rules, his decision on a motion for a new trial is persuasive with this court and will not be disturbed unless it is clearly wrong or it can be shown that he has either overlooked or misconceived material evidence. *Charpentier* v. *Potvin,* 90 R. I. 388, 158 A.2d 577.

In the cases at bar the trial justice was well aware of the applicable rules and indeed referred to them, citing the leading cases in point. He filed an extensive and discursive rescript in which he reviewed the testimony of the witnesses and passed on their credibility; he discussed the applicable rules of the road and the related principles of negligence; and he concluded that the verdicts were contrary to the evidence and the weight thereof in that they failed to respond to the merits of the controversy and did not do substantial justice between the parties.

The plaintiff, however, contends that in reaching his decisions the trial justice both misconceived and overlooked material evidence to which she calls our attention, and argues that in light thereof the decisions of the trial justice on the motions for new trials should be set aside, and that this court should independently examine the record to determine whether the evidence greatly preponderates against the verdicts, citing *Anderson* v. *Johnson,* 59 R. I. 241, 195 Atl. 240, and *Budwee* v. *New England Motors, Inc.,* 99 R. I. 663, 210 A.2d 131.

She argues, and the record confirms, that the trial justice relied heavily on the testimony of Anthony Cinieri, a passenger in the Panaccione car. He was the only eye witness to the travel of defendant's car from the moment it was brushed by the Panaccione car to the moment of its collision with the car in which plaintiff was a passenger. He twice stated that when brushed, defendant's car went out of control, shot to the left and crossed the median strip into the lanes of eastbound traffic. Referring to this testimony, the trial justice noted that it was something less than 50 feet from the right-hand lane of westbound traffic to the median strip, and that at 35 miles an hour, defendant Katherine Pina had no time to ride out the emergency. He further quoted the operator of the car in which plaintiff was a passenger to the effect that when defendant's car hit

the median strip it became "* * * a hopping, swaying, bouncing instrumentality of danger."

However, the record discloses that when pressed by plaintiff's counsel as to whether defendant's car swerved immediately to the left or "* * * went ahead for a little and then bore to the left," Cinieri replied, "Right." It is plaintiff's contention that the trial justice overlooked this qualification of Cinieri's earlier testimony, which oversight caused him to misconceive the travel of defendant's car immediately after having been brushed by the Panaccione car.

Assuming, however, the construction argued for by plaintiff is correct, the response is not definitive and is without significance standing by itself. It is in this connection that plaintiff makes much of the diagram prepared by officer Muzzy which, she argues, the trial justice either completely overlooked or misconceived. She takes the position that the diagram demonstrates that defendant's car went forward and to the right for a considerable distance before swerving sharply to its left. This contention is predicated on a showing of tire marks traveling diagonally to the right from what appears on the diagram as the point of impact.

However, officer Muzzy testified that this was the point at which the Onello car struck the Panaccione car in the rear, pushing it forward to the right and for some distance. Specifically questioned on the point, officer Muzzy testified that the point of the brush between the Panaccione and defendant's cars was not known.

In his decision the trial justice refers to this fact and to the further testimony of officer Muzzy that "The tire or skid marks * * * were broken as if the motor vehicle were out of control * * *." From a reading of his rescript, it clearly appears that he had both the diagram and officer Muzzy's testimony in mind when, on the state of all the evidence, he concluded that, struck unexpectedly from behind, Mrs. Pina was taken by surprise, lost control by rea-

son of the brush, and went off to her left with no reasonable opportunity to bring her vehicle under control.

From a careful examination of the pertinent oral and documentary evidence and the view thereof taken by the trial justice, we are not persuaded that he either overlooked or misconceived material evidence. Rather, we are satisfied that the view he took of the evidence and the inferences he drew therefrom are supported by the record. In such circumstances, we apply our well-settled rule and permit the decisions of the trial justice to stand. *Nichols* v. *New England Tel. & Tel. Co.,* 57 R. I. 180, 189 Atl. 14.

The plaintiff's exception in each case is overruled and each case is remitted to the superior court for further proceedings.

*Gunning & LaFazia, Bruce M. Selya, Anthony G. Iannuccillo,* for petitioner.

*Carroll & Dwyer, Robert L. Kiernan,* of counsel, for defendants.